# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES J. PARSONS,<br><br>Defendant. | No. CR06-4065-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On July 27, 2006, an indictment was returned against defendant James J. Parsons. In Count 1, defendant Parsons is charged with possession of machine guns, specifically a German WWII machine gun model number MG34, serial number 889, a Sten machine gun, serial number 74118, and a Browning machine gun, model number 1919, no serial number, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). In Count II, defendant Parsons is charged with possessing three hand grenades and three machine guns, the same three machine guns charged in Count I, which were not registered to him in the National Firearms Registration and Transfer Record, in violation of §§ 5841, 5861(d) and 5871. On October 2 and 3, 2006, defendant appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1 and 2 of the indictment. At the time of his plea hearing, defendant Parsons refused to admit to all of the allegations in the indictment. Specifically, with regard to Count 2, while defendant Parsons admitted to possessing all three guns mentioned in Count 2, he refused to admit that all three guns

would operate as machine guns, admitting only that one of the guns would operate as a machine gun. Defendant Parsons also would not agree that the hand grenades were operable. Judge Zoss stated on the record that defendant Parsons only had to admit to the elements of the offense as to one of the firearms in order to plead guilty to the charge in Count II. Plea Tr. at 31.

On October 3, 2006, Judge Zoss filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. The government has filed an objection to Judge Zoss's Report and Recommendation. Specifically, the government contends that, because of defendant Parsons's refusal to admit all of the allegations contained in the indictment, that there are insufficient facts to support the guilty plea in this case to the charges contained in the indictment. Defendant Parsons has filed a response to the government's objection in which he asserts that the government's position is without merit. Defendant Parsons also argues that the government waived any objection it had to the plea proceeding when its counsel conceded at the hearing that Judge Zoss had correctly explained the elements of the offense and that there was a factual basis for accepting defendant Parsons's guilty plea as to both charges contained in the indictment. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Parsons's guilty plea.

### B. *Factual Background*

At the plea hearing, Judge Zoss addressed the subject of operability of the machine guns and the hand grenades as an element of the offense charged in Count II:

> THE COURT: Next thing the prosecution would have to prove is that you were aware of the prohibited features of these items, the hand grenades and the firearms, specifically that the hand grenades were, in fact, hand grenades and that the

2

machine guns were designed to shoot automatically more than one shot with a single pull of the trigger.

THE DEFENDANT: Yes.

THE COURT: Do you understand the prosecution would have to prove that?

THE DEFENDANT: Yes, sir.

THE COURT: And are you aware of those prohibited features of the hand grenades and the firearms?

MS. FORSYTH: Your Honor, I think there's some question. The hand grenades weren't operable.

THE COURT: Okay. Then let's just talk about the firearms. Were you aware that the firearms were--that the machine guns were designed to shoot automatically more than one shot with a single pull of the trigger?

THE DEFENDANT: Yes, sir.

THE COURT: We don't need a factual basis for the hand grenades as well, do we, Mr. Fairchild?

MR. FAIRCHILD: No, Your Honor.

THE COURT: Okay. The next thing the prosecution would have to prove is that the machine guns were capable of operating as designed, that is, as machine guns that could shoot more than one shot with a single pull of the trigger. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And is that true? Did the machine guns

operate to shoot more than one shot with a single pull of the trigger?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Mr. Fairchild, did I correctly explain the elements of Count 2 of the indictment?

MR. FAIRCHILD: Yes, Your Honor.

THE COURT: And is there a factual basis for Count 2 in this record?

MR. FAIRCHILD: Yes, Your Honor.

MS. FORSYTH: Your Honor, if I may, my client has indicated that not all three of the guns listed would shoot as machine guns, but at least one of them would, and we'd like to make that clear.

THE COURT: And that's--thank you very much, is that correct, Mr. Parsons?

THE DEFENDANT: Yes, sir.

THE COURT: That doesn't relate to the record for a guilty plea does it Mr.--

MR. FAIRCHILD: It doesn't. However, the Court might want to inquire whether or not the weapons could have been immediately restored to operation.

THE COURT: Well, I think for the purposes of a factual basis he only has to admit to one of the many. And if that's going to be a sentencing issue, that's something that --I don't

know if it will or won't, but if it is, I'll just let you fight that out at sentencing.

MR. FAIRCHILD: Very good.

Plea Hearing Tr. at 29-31.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report

5

where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, the government has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Parsons's guilty plea.

### *B. Government's Objection*

The basis for the government's objection is that, because of defendant Parsons's refusal to admit certain facts, that there are insufficient facts to support the guilty plea in this case to the charges contained in the indictment. Defendant Parsons disputes this assertion, contending that he admitted all of the elements charged and the facts necessary to support his guilty plea to the charges contained in the indictment.

When a defendant pleads guilty without reserving right to challenge facts alleged in indictment at sentencing, he admits all of the factual allegations made in the indictment. *See United States v. Mickle*, 464 F.3d 804, 809 (8th Cir. 2006); *United States v. White*, 408 F.3d 399, 402-403 (8th Cir. 2005). Here, however, defendant Parsons indicated at his plea hearing that he did not agree with certain stated facts in the indictment. Specifically, defendant Parsons disputed that the three hand grenades he possessed were live grenades. He also disputed that two of the three firearms he possessed operated as machineguns.

In *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006), the Eighth Circuit Court of Appeals, in discussing firearms prosecutions under 18 U.S.C. § 922, held that "Congress intended the 'allowable unit of prosecution' to be an incident of possession

6

regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition." *See also United States v. Olmeda*, 461 F.3d 271, 280 (2nd Cir. 2006) (holding that "although a convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g), multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites."); *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (holding that the possession of multiple firearms comprised only one offense barring proof that the firearms were obtained at different times or stored separately); *United States v. Verrecchia*, 196 F.3d 294, 297-98 (1st Cir. 1999) (holding that a felon's possession of multiple firearms comprised a single offense); *United States v. Dunford*, 148 F.3d 385, 388-90 (4th Cir. 1998) (holding that the possession of multiple firearms and ammunition by a felon who was also an illegal drug user comprised a single offense); *United States v. Cunningham*, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998) (holding that the possession of multiple firearms comprised only one offense barring proof that the firearms were obtained at different times or stored separately); *United States v. Valentine*, 706 F.2d 282, 292-94 (10th Cir. 1983) (holding that the simultaneous possession of more than one weapon constituted only one offense); *United States v. Frankenberry*, 696 F.2d 239, 244-45 (3d Cir. 1982) (holding that the receipt of multiple firearms comprised only one offense). The logic of these holdings applies equally to the two firearms offenses charged in the current indictment, possession of a machine gun, in violation of 18 U.S.C. § 922(o), and possession of a firearm which was not registered to the possessor in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Thus, defendant Parsons's possession of multiple firearms comprised a single offense under 18 U.S.C. § 922(o), and 26 U.S.C.

§ 5861(d). The central element of each of these offenses is that defendant Parsons possessed one of the firearms listed in each of the counts of the indictment. *See Rogers v. United States*, 522 U.S. 252, 254-55 (1998) discussing elements of § 5861(d) offense); *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996) (discussing elements of § 922(o) offense). Thus, in admitting possession of at least one of the firearms listed in each count of the indictment, defendant Parsons admitted that central element of each of the crimes charged in the indictment. Therefore, the government's objection to Judge Zoss's Report and Recommendation is overruled, the court **accepts** Judge Zoss's Report and Recommendation of October 3, 2006, and accepts defendant Parsons's plea of guilty in this case to Counts 1 and 2 of the indictment.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2006.

			MARK W. BENNETT
			CHIEF JUDGE, U. S. DISTRICT COURT
			NORTHERN DISTRICT OF IOWA